1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALI ALEJANDRO MENDOZA, an            Case No.:  15cv1528-JAH (BGS)
     individual,
12                                         **ORDER GRANTING IN PART AND**
                                 Plaintiff, **DENYING IN PART DEFENDANT**
13                                         **USA'S MOTION TO DISMISS FOR**
     v.                                    **LACK OF SUBJECT MATTER**
14                                         **JURISDICTION, FAILURE TO**
     UNITED STATES OF AMERICA; CITY        **STATE A CLAIM, OR, IN THE**
15   OF NATIONAL CITY; THOMAS             **ALTERNATIVE, TO STRIKE THE**
     MALANDRIS; BENJAMIN PECK; and        **SECOND AMENDED COMPLAINT**
16   MICHAEL NUTTALL,                      **[DOC. NO. 61]**
17                              Defendants.
18

19

20                          **INTRODUCTION**

21        This matter comes before the Court on Defendant United States of America's motion

22   to dismiss Plaintiff Ali Alejandro Mendoza's Second Amended Complaint ("SAC") for

23   lack of subject matter jurisdiction, for failing to state cognizable claims upon which relief

24   may be granted, or, in the alternative, to strike portions of the SAC. *See* Doc. No. 61. The

25   motion was later joined in by Defendants National City, Thomas Malandris, Benjamin

26   Peck, and Michael Nuttall, [Doc. No. 63], and has been fully briefed by Plaintiff and

27   Defendant USA. *See* Doc. Nos. 77, 81. After careful consideration of the record, pleadings

28

                                    1

and exhibits submitted by the parties, entertaining oral argument from counsel, and for the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This civil rights action arises from a vehicle-pedestrian collision, and a series of subsequent events, involving, *inter alia*, Plaintiff Ali Alejandro Mendoza, the pedestrian ("Plaintiff" or "Mendoza"), Deportation Officer Thomas Malandris, driver of the vehicle that struck Mendoza ("Malandris") and employee of Defendant United States of America ("USA"), and Defendants Police Officers Benjamin Peck ("Peck") and Michael Nuttall ("Nuttall"), both employees of Defendant National City ("City"). *See* Doc. No. 61.

## I. Factual Background[1]

On July 12, 2014, Malandris was traveling on a residential street, driving approximately 20-25 miles per hour. Malandris Depo. at 93:7-14. Around 9:00 p.m., Mendoza, a 19- year-old male, and his friend, Alberto Morales, attempted to cross a two-lane intersection within a marked crosswalk. Mendoza saw Malandris's vehicle approaching from about one block away, but believed he and Morales would be able to safely cross the intersection before the car reached them. Mendoza Depo. at 83:9-19; 88:13-23. As they crossed, Mendoza looked over and saw that the vehicle was going to collide with them. *Id*. at 90:11-22. Mendoza pushed Morales out of the vehicle's path, but was struck himself. *Id*. Mendoza testified that he began to get up after the collision, raising himself to his hands and knees. Mendoza Depo. at 111:21-25; 112:8-10; *see also* Morales Depo. at 54:14-23 (testifying that Mendoza was "trying to find a way to get up."). Malandris moved Mendoza to a safe position on the curb before moving his vehicle away

---

[1] The following background facts have been taken from the SAC, the parties' briefs, and this Court's prior order (1) granting Defendant USA's motions for summary judgment, [Doc. Nos. 43, 62]; and (2) granting in part and denying in part Defendant National City's motions for summary judgment, [Doc. Nos. 48, 65]. *See* Doc. No. 116. Unless otherwise noted, the facts herein are undisputed.

from the middle of the street. Malandris Depo. at 168:3-169:4. Shortly thereafter, Sergeant Leach with the National City Police arrived at the scene, called for an ambulance and initiated a traffic collision investigation. *Id.* at 181:4-12. National City Police Officer Nuttall was placed in charge of the collision investigation and he completed a traffic collision report. Nuttall Decl. at ¶ 4. National City Police Officer Peck completed the portion of the traffic collision report relating to Mendoza. *Id.* at ¶ 6.

Officer Peck went to the hospital after the collision to interview Mendoza. Hospital staff alerted Peck to a marijuana pipe that was found in Mendoza's possession. In response to a question from Peck, Mendoza admitted to smoking marijuana earlier that day. Peck Depo. at 63:4-14; 66:16-19. Peck claims that he obtained knowing and voluntary consent from Plaintiff for a blood draw; but the blood was never tested for marijuana. *Id.* at 12:11-18; 13:3-7; 13:20-14:12; 48:9-15; 52:2-3. However, a separate urine test performed by the hospital returned a positive result for Tetrahydrocannabinol (THC). Ex. G, USA 408; USA 503. Plaintiff also admitted to inhaling five puffs of marijuana earlier that day. Mendoza Depo. at 50:19-51:20.

Mendoza suffered a single fracture of his right tibia. He underwent surgery to place a rod, nail, and screws in his leg. He later underwent a second surgery to remove the screws. Mendoza reported relatively low pain throughout his treatment, and was released from care on July 17, 2015, approximately one year after the collision. Mendoza was discharged with no restrictions on his activities.

## II. Procedural History

On June 5, 2015, Mendoza filed a civil action in state court which was removed to this Court. However, on July 7, 2015, the parties jointly moved to dismiss the original Complaint. On July 9, 2015, the Court granted the joint motion and dismissed the case without prejudice.

On July 10, 2015, Plaintiff filed a new suit for damages,[2] asserting a negligence claim against Defendants USA and National City only. *See* Doc. No. 1. On July 10, 2015, summons issued. *See* Doc. No. 2. Proof of service, as to both Defendants, was filed on July 23, 2015. *See* Doc. Nos. 3, 4. Defendant National City answered the Complaint on July 31, 2015, and Defendant USA answered on September 8, 2015. *See* Doc. Nos. 7, 11.

On February 24, 2016, Plaintiff moved this Court for leave to file a First Amended Complaint ("FAC"). *See* Doc. No. 22. The motion was granted, and Plaintiff timely filed his FAC. *See* Doc. Nos. 37, 38. The FAC joined Defendants Malandris, Peck, and Nuttal, and asserted seven causes of action: (1) negligence; (2) violations of Cal. Civ. Code §§ 51, 52, 52.1; (3) violations of 42 U.S.C. § 1983; (4) violations of 42 U.S.C. §§ 1985(2)-(3); (5) violations of § 42 U.S.C. § 1986; (6) intentional infliction of emotional distress (IIED); and (7) violations of federal civil rights, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *See* Doc. No. 38.

On May 9, 2016, Defendant USA filed a notice, substituting the USA in place of Malandris, with respect to the common law tort claims alleged against Malandris, arising from Malandris's acts or omissions occurring on or after July 12, 2014 (the date Mendoza was injured). *See* Doc. No. 41 (citing 28 U.S.C. § 1346(b), 2671-2680, the Federal Tort Claims Act ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694. 102 Stat. 4563 (1988)).

On the same date, May 9, 2016, Defendant USA also filed its motion to dismiss the FAC, in part, for lack of jurisdiction, for failure to state claims upon which relief may be granted, or, in the alternative to strike portions of the FAC, and its motion for partial summary judgment and judgment on the pleadings. *See* Doc. Nos. 42, 43. Similarly, on May 13, 2016, Defendant National City filed its motion to dismiss the FAC, in part, for lack of jurisdiction, for failure to state claims upon which relief may be granted, or, in the

---

[2] This refiled case was assigned Case No. 15cv1528-W (BLM), but was reassigned to this Court and renumbered Case No. 15cv1528-JAH-BGS. *See* Doc. No. 14.

alternative to strike portions of the FAC, and its motion for summary judgment and partial summary judgment. *See* Doc. Nos. 48, 49.

On May 31, 2016, Plaintiff filed the instant Second Amended Complaint ("SAC"), asserting seven causes of action against Defendants USA, National City, Malandris, Peck, and Nuttal, for (1) negligence; (2) violations of Cal. Civ. Code §§ 51, 52, 52.1; (3) violations of 42 U.S.C. § 1983; (4) violations of 42 U.S.C. §§ 1985(2)-(3); (5) violations of 42 U.S.C. § 1986; (6) IIED; and (7) violations of federal civil rights, under *Bivens*. *See* Doc. No. 53.

On June 13, 2016, Defendant USA filed the instant motion to dismiss the SAC for lack of jurisdiction, for failure to state cognizable claims upon which relief may be granted, or, in the alternative, to strike portions of the SAC. *See* Doc. No. 61. On the same day, June 13, 2016, Defendants National City, Nuttall, and Peck, joined in Defendant USA's motion, contending that Plaintiff also fails to state claims against them, respectively, as to Cal. Civ. Code § 52.1, IIED, and that Plaintiff fails to comply with the heightened pleading standard of FRCP Rule 9(b). *See* Doc. No. 63 at 2 (joining in Sections III A(2), III B, and III C, of Defendant USA's motion to dismiss). On July 18, 2016, Plaintiff filed a response in opposition. *See* Doc. No. 77. Defendant USA replied on July 25, 2016. *See* Doc. No. 81.

The instant motion, among others, was taken under submission following the hearing held before this Court on December 20, 2016. *See* Doc. Nos. 106, 113. On March 31, 2017, the Court issued an order (1) granting Defendant USA's motions for summary judgment, [Doc. Nos. 43, 62]; and (2) granting in part and denying in part Defendant National City's motions for summary judgment, [Doc. Nos. 48, 65]. *See* Doc. No. 116 (the "Prior Order").

## DISCUSSION

Defendant USA moves under Fed. R. Civ. P. 12(b)(1), 12(b)(6), or, in the alternative, 12(f) to dismiss portions of the SAC. *See* Doc. No. 61. Specifically, Defendant USA seeks dismissal of (1) the Second cause of action (violation of California's Bane Act), for lack of jurisdiction, or failure to state a claim; (2) the Sixth cause of action (IIED), for failure to state a claim; (3) all causes of action containing allegations of fraud, for failure to plead

with particularity; and (4) Plaintiff's request for punitive damages, attorneys' fees, and a jury trial. *See* Doc. No. 61-1 at 10-24. Defendants National City, Nuttall, and Peck (the "Joined Defendants") joined in Defendant USA's motion. *See* Doc. No. 63 at 2 (joining in, specifically, Sections III A(2), III B, and III C). Thus, the Joined Defendants also seek dismissal of Plaintiff's Bane Act and IIED claims, as well as the "vague and undefined allegations of fraudulent conduct by unidentified Defendants which have been incorporated into each of the causes of action[,]" [*see* doc. no. 63 at 2 (citing SAC at ¶ 12(a)-(b), (c)(iv)); *see also* SAC at ¶¶ 15, 19, 25, 30, 35, 40, 46)], as those allegations relate to unidentified defendants conspiring with other unidentified defendants "to prepare and file falsified accident investigation reports" without explaining how the unidentified reports were falsified. *See* Doc. No. 63 at 1-2 (citing SAC at ¶ 12(b)).

## I.    Legal Standards

### A.    Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it must "draw all reasonable inferences in [plaintiff's] favor." *Id.*

6

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. If the moving party has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). In looking to matters outside the pleadings, the Court must "resolve all disputes of fact in favor of the nonmovant . . . similar to the summary judgment standard." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). As with a motion for summary judgment, the party moving to dismiss for lack of subject matter jurisdiction "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060–61 (9th Cir. 2001).

### B. Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which a court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## C.     Motions to Strike

A party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike

8

are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *See LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); *See also Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

## II.    Analysis

### A.    Second Cause of Action, Violation of California's Bane Act

#### i.    Defendant USA's Motion to Dismiss

Defendant USA contends that Mendoza's Bane Act claim should be dismissed, as to the USA, for either lack of jurisdiction or failure to state a cognizable claim. *See* Doc. No. 61-1 at 10-15. The Court agrees.

With respect to lack of jurisdiction, Defendant USA argues that claims based on a violation of the U.S. Constitution are not cognizable under the FTCA because "it is well established that Congress has not waived sovereign immunity with respect to 'constitutional tort claims.'" *Id*. at 11 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted)). Thus, Defendant USA concludes, Mendoza's claims based on violations of the U.S. Constitution are not cognizable under the FTCA, and, therefore, are not actionable. *Meyer*, 510 U.S. at 477 (explaining that, to be actionable under § 1346, a claim must allege that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred;" however, "[t]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Thus, Defendant USA requests that this Court dismiss Mendoza's Bane Act cause of action, as to it, for lack of subject matter jurisdiction.

In opposition, Mendoza argues that his Bane Act claim against Defendant USA survives 12(b)(1) and 12(b)(6) scrutiny because the claim is adequately pled. *See* Doc. No. 77 at 8-15. Specifically, Mendoza challenges Defendant USA's interpretation of the limit of the federal government's waiver of sovereign immunity under the FTCA. *Id*. at 8. Mendoza cites several cases from this Circuit, contending that they stand for the

proposition that the FTCA can waive federal sovereign immunity for claims asserted under the Bane Act. In reply, Defendant USA maintains that Mendoza's Bane Act claim is "improper and not sufficiently pleaded, and should be dismissed." *See* Doc. No. 81 at 2.

Construing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that (1) it lacks subject matter jurisdiction over Plaintiff's Bane Act claim, as to Defendant USA; and (2) the SAC lacks plausible facts alleging that that Defendant USA (through its employee, Malandris), interfered with, or attempted to interfere with, Mendoza's civil rights by threat, intimidation or coercion.

As a threshold matter, Defendants' motion to dismiss for lack of jurisdiction constitutes a facial challenge to the subject matter jurisdiction of this Court. *See* Doc. No. 61-1 at 10-15. Accordingly, to determine whether this Court has subject matter jurisdiction over Mendoza's Bane Act claim, the Court properly looks to allegations in the SAC and whether they are sufficient on their face to invoke federal jurisdiction, without regard to resolution of a factual dispute. *Safe Air for Everyone*, 373 F.3d at 1039; *Wolfe*, 392 F.3d at 362.

The SAC alleges that Plaintiff is entitled to monetary damages "as a direct and proximate consequence of Defendants' conduct[;]" here, "interferences with Plaintiff's exercise of his civil rights" in violation of the Bane Act. *See* Doc. No. 53 at ¶¶ 19-22. Yet, federal courts do not have jurisdiction to hear cases against the United States unless the government has consented to suit and waived its sovereign immunity. *Block v. North Dakota ex rel. Bd. Of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Indeed, any waiver of sovereign immunity must be both "unequivocally expressed," *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997), and "strictly construed in favor of the United States. *See Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Defendant USA argues that the FTCA serves as Congress' unequivocal waiver for damages cases, like the one at bar, so long as "the United States, if a private person, would be liable to the claimant . . . [under] the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The Court agrees that the standard articulated in *F.D.I.C. v. Meyer* applies here.

10

In *Meyer*, Justice Thomas, writing for the Court, held that a constitutional tort claim is "cognizable" under the FTCA if the claim alleges, *inter alia*, that the United States would be liable as "a private person" "in accordance with the law of the place where the act or omission occurred." 510 U.S. at 471. The Court elaborated, holding that "the 'law of the place [where the act or omission occurred]' means law of the State, and, by definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Id*. (citation omitted). Accordingly, the Court concluded that "[t]here simply is no basis in the statutory language for the interpretation . . . which would deem all claims 'sounding in tort'—including constitutional torts—'cognizable' under § 1346(b)." *Id*. at 471-72 (internal quotations omitted).

A review of the SAC reveals that Plaintiff invokes federal question jurisdiction pursuant to the FTCA, 28 U.S.C. § 1346(b), and supplemental jurisdiction pursuant to §1367(a). *See* Doc. No. 53 at 2. Violation of California's Bane Act is among the supplemental state claims brought by Plaintiff against all Defendants, except Malandris. *Id*. at 11. The basis for the violations alleged are interferences with Plaintiff's "civil rights as defined in Civil Code § 52.1." *See* Doc. No. 53 at ¶ 20. Cal. Civ. Code § 52.1, *inter alia*, creates a cause of action "[i]f a person or persons, whether or not acting under color of law, *interferes by threat, intimidation, or coercion*, or *attempts to interfere by threat, intimidation, or coercion*, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state[.]" Cal. Civ. Code § 52.1(a) (emphasis added).

The SAC includes Plaintiff's specific allegation that "[a] motivating reason for Defendants' conduct" is "the fact that Plaintiff is Hispanic." *Id*. at 11. In other words, Plaintiff alleges discrimination on the basis of race. Although the SAC includes allegations that Defendant USA would be liable as a private person, "by definition," Plaintiff cannot allege as to Defendant USA, that state law, the requisite "law of the place where the act or omission occurred," was the source of liability for a claim alleging the deprivation of a federal constitutional right. *Meyer*, 510 U.S. at 471-72. Accordingly, the Court finds that

11

it lacks subject matter jurisdiction over Plaintiff's Bane Act claim, as to Defendant USA, with respect to any alleged deprivation of a federal constitutional rights.

Furthermore, with respect to California law supplying a cognizable source of liability under *Myer*, the Court finds that Plaintiff does not allege, and cannot plausibly allege, that the vehicle-pedestrian collision itself, or the events surrounding the collision, constitute an interference, or attempted interference, with Plaintiff's civil rights as defined in Cal. Civ. Code § 52.1. Indeed, construing all inferences in the light most favorable to Plaintiff, the Court recognizes an absence of evidence on the record to support the allegation that Defendant USA (through its employee, Malandris) directed, or attempted to direct, threatening, intimidating, or coercive acts toward Plaintiff which resulted in the interference or deprivation a civil right protected under California law. Consequently, the Court finds that Plaintiff does not, and cannot, state a cognizable Bane Act claim against Defendant USA. Defendant USA's motion to dismiss the Second cause of action is **GRANTED**, and the claim is **DISMISSED WITH PREJUDICE**.

### ii.    The Joined Defendants' Motion to Dismiss

The Court notes that no additional arguments (besides those raised by Defendant USA) are supplied in support of the motion to dismiss Mendoza's Bane Act claim as to each joined defendant. *See generally* Doc. No. 63. Accordingly, with respect to this issue, as it relates to the joined defendants, the Court adopts the reasoning articulated in its Prior Order granting in part and denying in part the Joined Defendants' motions for summary judgment, finding that Plaintiff presented genuine issues as to whether his civil rights were violated by Peck's questioning about marijuana use, and obtaining Plaintiff's consent to provide a blood sample while Plaintiff was under the influence of medication, including morphine. *See* Doc. No. 116 at 16, 23-27.

With respect to whether Plaintiff's SAC states cognizable Bane Act claims against Defendants Peck and National City, respectively, the Court finds that it does. Although "there is limited Bane Act precedent defining what constitutes 'coercion' independent from that which is inherent in a wrongful arrest" the Ninth Circuit recognizes that "such conduct

must be 'intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights." *See Gant v. County of Los Angeles*, 772 F.3d 608, 623-24 (9th Cir. 2014) (quoting *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 137 Cal.Rptr.3d 839, 850 (2012)). Construing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that the SAC alleges sufficient facts raising Plaintiff's right to relief under the Bane Act beyond the speculative level. *Twombly*, 550 U.S. at 545. Moreover, the Court recognizes that California law permits *respondeat superior* liability for Bane Act violations. *See Gant*, 772 F.3d at 623 (reaffirming that "under California law, public entities are liable for actions of their employees within the scope of employment, Cal. Gov't Code § 815.2(a), but public entities are immune from liability to the extent their employees are immune from liability, Cal. Gov't Code § 815.2(b)."). Accordingly, Defendant Peck and National City's motion to dismiss for failure to state Bane Act claims against them is **DENIED**. *See id*. at 25-26.

With respect to whether Plaintiff's SAC states a cognizable Bane Act claim against Defendant Nuttall, the Court granted Nuttall's motion for summary judgment as to this claim. Consequently, the instant motion to dismiss Plaintiff's Bane Act claim against Defendant Nuttall is **DENIED AS MOOT**.

## B. Sixth Cause of Action, IIED

Defendant USA and the Joined Defendants contend that Mendoza's IIED cause of action fails to state a claim upon which relief can be granted because Mendoza cannot adequately show causation or outrageous conduct. *See* Doc. No. 61-1 at 16-17. However, the Court granted the USA's motion for summary judgment in its Prior Order, [Doc. No. 116 at 14-18], finding no genuine issue of material fact exists with respect to whether Malandris's conduct, at the scene of the accident, and National City's investigation, rose to the level of cognizable outrage. *See* Doc. No. 116 at 14-22. Accordingly, Defendant USA and the Joined Defendants' motion to dismiss the Sixth cause of action is **DENIED AS MOOT**.

**C.** **Defendant USA's Motion to Dismiss Each of Plaintiff's Claims Which Incorporate Allegations of Fraud**.

    **i.** **Defendant USA's Motion to Dismiss**

As an initial matter, Mendoza brings only his First (tort negligence), Second (violation of California's Bane Act) and Sixth (IIED) causes of action against the USA. *See generally* Doc. No. 53. For the reasons set forth above, the Second and Sixth causes of action are dismissed with prejudice, as to the USA. Furthermore, the USA neither opposes nor moves to dismiss Plaintiff's tort negligence claim against it. It appears however, the USA nonetheless moves, in the alternative to strike allegations of fraud contained therein.

Defendant USA contends that Mendoza's SAC "contains several vague and undefined allegations of fraudulent conduct by unidentified defendants which have been incorporated into each of the causes of action." *See* Doc. No. 61-1 at 21 (citing Doc. No. 53 at ¶ ¶ 12(a)-(b), (c)(iv), 15, 19, 25, 30, 40, and 46). Defendant USA distills this global vagueness assertion down to two pleading deficiencies in the SAC. First, Defendant USA argues that the SAC is vague, and, therefore, defectively pled under Rule 9(b), where Mendoza alleges that unidentified defendants conspired with other unidentified defendants "to prepare and file falsified accident investigation reports" without explaining how the unidentified reports were falsified. *See* Doc. No. 61-1 at 21 (citing Doc. No. 53 at ¶ 12(b)). Second, Defendant USA points to Mendoza's allegation that unidentified defendants conspired by "[a]greeing and going forward with the falsification" of unspecified "federal and local police accident reports." *Id*. at 22 (citing Doc. No. 53 at ¶ 12(c)(iv)). Ultimately, Defendant USA argues that "each of Plaintiff's claims which incorporate these allegations should be dismissed for failure to state a claim" because they fail to satisfy the heightened pleading requirements for fraud and fail to state the "who, what, where, when, and how" particularities required by Rule 9. *Id*. (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); Fed. R. Civ. P. 9(b).

In opposition, Mendoza contends that "the United States offers no authority for dismissing an entire cause of action based on the inclusion of certain allegations of fraud."

*See* Doc. No. 77 at 19. Drilling down, Mendoza explains that although Defendant USA argues "Plaintiff is required to plead his allegations with more particularity under FRCP 9(b), Plaintiff *has not* alleged any fraud causes of action . . . Rather, Plaintiff has simply detailed that some of the egregious misconduct in this case, supporting Plaintiff's theories, involved fraudulent conduct." *Id.* (emphasis in original) (citing *generally* Doc. No. 53). Ultimately, Mendoza's response is that "to the extent the United States seeks to require Plaintiff to plead his constitutional violations with particularity by categorizing them as fraud claims, there is no such requirement." *Id.* (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002) (for the proposition that "[cases requiring a heightened pleading standard] are no longer good law to the extent that they require heightened pleading of improper motive in constitutional tort cases.").

In reply, Defendant USA challenges Mendoza's assertion that Rule 9(b) does not apply because Mendoza has not alleged a fraud cause of action. *See* Doc. No. 81 at 10. For support, Defendant USA explains that "[t]his argument was addressed and rejected by the Ninth Circuit in a case cited in [] [its] opening brief." *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ("Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case.")). Defendant USA further challenges Mendoza's 9(b) opposition argument, pointing out that "the only case Plaintiff relies upon, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (2002)[,] pre-dates the Supreme Court's decision in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)." *Id.* Thus, Defendant USA argues, the precedential value of *Galbraith* is presently questionable—as was recognized by one district court. *Id.* (citing *Yadin Co., Inc. v. City of Peoria*, No. CV-06-1317-PHX-PGR, 2008 U.S. Dist. LEXIS 109501 (D. Ariz. March 25, 2008). Thus, Defendant USA concludes, this Court should disregard *all* of the inadequately pleaded fraud allegations.

Here, the Court agrees that the standard articulated in *Vess* controls the disposition of this issue. 317 F.3d 1097. In *Vess*, the Ninth Circuit stated:

In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

\* \* \*

In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. The text of Rule 9(b) requires only that in 'all *averments of fraud* . . . , the circumstances constituting fraud . . . shall be stated with particularity.'

\* \* \*

The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct. In such cases, application of Rule 9(b)'s heightened pleading requirements as to 'averments' of fraud supporting a claim rather than to the claim as a whole not only comports with the text of the rule; it also comports with the rule's purpose of protecting a defendant from reputational harm. As the Ninth Circuit stated in *In re Stac,* 'Rule 9(b) serves to . . . protect professionals from the harm that comes from being subject to fraud charges.'

*Vess*, 317 F.3d at 1103-04 (internal citations omitted). Defendant USA argues that the SAC "contains several vague and undefined allegations of fraudulent conduct by unidentified defendants which been incorporated into each of the causes of action." *See* Doc. No. 61-1 at 21 (citing Doc. No. 53 at ¶¶ 12(a)-(b), (c)(iv), 15, 19, 25, 30, 40, and 46). Specifically, SAC ¶¶ 12(a)-(b), (c)(iv) include Mendoza's allegations of a "conspiracy and cover-up: violation of civil rights." Mendoza later incorporates each allegation made in this section within the following causes of action: the First (negligence); Second (violations of the Bane Act); Third (violations of federal civil rights pursuant to 42 U.S.C. § 1983 (against

16

all Defendants except the USA)); Fourth (violations of federal civil rights pursuant to 42 U.S.C. § 1985(2) and (3) (against all Defendants except the USA)); Sixth (IIED); Seventh (violation of federal civil rights under *Bivens*). *See* Doc. No. 53 at 10-13, 15-16.

Taken together, the allegations at issue read as follows—

> 12. . . . In an effort to escape liability and otherwise avoid responsibility for his wrongful and unlawful conduct as described above, Officer MALANDRIS encouraged, participated and engaged in a cover-up and attempted cover-up of his wrongful and unlawful misconduct with co-Defendants Officer PECK, Officer NUTTALL, and others, violating Plaintiff's civil rights under California and Federal law by, [SAC at 6], . . . (a) . . . making false and misleading statements to each other, [SAC at 6], . . . (b) . . . conspiring with each other and other law enforcement officers, including Sergeant Parris Bull, Dennis Leach, Chris Sullivan and other superior officers at the National City Police Department, to prepare and file falsified accident investigation reports to both federal and local law enforcement agencies in attempting to blame MENDOZA for being struck by MALANDRIS' vehicle, [SAC at 6-7], . . . c. . . . conspiring with each other and other law enforcement officers, including Sergeant Parris Bull, Dennis Leach, Chris Sullivan and other superior officers at the National City Police Department, to violate Plaintiff's rights against self-incrimination and rights to be free from unreasonable searches and seizures under the California and United States Constitutions as well as state and federal statutes, [SAC at 7], . . . iv. . . . and going forward with, the falsification of federal and local police accident reports by falsely reporting the speed limit in the intersection in question, [SAC at 8-9].

*See* SAC at ¶¶ 12(a)-(b), (c)(iv). The Court finds that each of these allegations amount to "averments" of fraud in support of Mendoza's First, Second, Third, Fourth, Sixth, and Seventh causes of action (all claims in which fraud is not an element). *See Vess*, 317 F.3d at 1104. Accordingly, "[w]here averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Id*. at 1105.

Defendant USA argues that "each of Plaintiff's claims which incorporate these allegations should be dismissed for failure to state a claim" because they fail to satisfy the heightened pleading requirements for fraud and fail to state the "who, what, where, when, and how" particularities required by Rule 9. *See* Doc. No. 61-1 at 21 (citing *Vess*, 317 F.3d at 1103-04); Fed. R. Civ. P. 9(b). While the Court agrees with the USA as to the averments of fraud failing to meet the heightened pleading standard of Rule 9(b), the Court disagrees that the claims "should [therefore] be dismissed for failure to state a claim." Instead, as the Ninth Circuit instructs, this Court must "disregard" the insufficiently pled averments and determine whether the balance of the allegations state a claim under Rule 8(a). *Vess*, 317 F.3d at 1104-05. Accordingly, disregarding the insufficiently pled averments, and considering only the sufficiently pled allegations, the Court finds that the SAC states a cognizable FTCA claim against the USA, as to the first cause of action. Defendant USA's motion to dismiss each of Plaintiff's claims because they incorporate allegations of fraud is **DENIED**.

### ii. The Joined Defendants' Motion to Dismiss Each of Plaintiff's Claims Which Incorporate Allegations of Fraud

With respect to the Joined Defendants, Mendoza brings the following causes of action: the First (negligence); Second (violation of California's Bane Act); Third (violation of 42 U.S.C. § 1983); Fourth (violation of 42 U.S.C. §§ 1985(2)-(3)); Fifth (violation of 42 U.S.C. § 1986); and Sixth (IIED).[3] *See generally* Doc. No. 53.

### a. First Cause of Action (Negligence)

With respect to the First cause of action, the Court granted the City's motion for summary judgment, finding that, as a matter of law, California's governmental immunity

---

[3] With respect to Plaintiff's Sixth cause of action, the Court granted the Joined Defendants' motion for summary judgment in the Prior Order. *See id*. at 14-18. Therefore, the motion to dismiss Count Six is **DENIED AS MOOT**.

statute applies to Nuttall and Peck, with respect to their roles in documenting the Mendoza investigation, which included Plaintiff's allegations that Nuttall and Peck negligently or recklessly failed to properly investigate and document the subject collision. *See* Doc. No. 116 at 19-22. Accordingly, Nuttall and Peck's motion to dismiss claims incorporating fraud allegations is **DENIED AS MOOT**.

Plaintiff's negligence allegations against National City implicate the California Tort Claims Act ("CTCA"). "Before a complaint for money damages due to the death or injury to a person may be brought against a public agency, the injured party must first file a claim with the appropriate public entity within six months of the claim's accrual." Cal. Gov't Code § 911.2. The purpose of the CTCA is to provide the public entity with notice of the claim and sufficient information to allow it to investigate and settle the matter, if possible, without litigation. *See Phillips v. Desert Hosp. Dist*., 49 Cal.3d 699, 705, 263 Cal.Rptr. 119, 123, 780 P.2d 349 (1989). As such, the claim procedure is designed to promote resolution of disputes, but does not permit the agency to decide whether a suit may be filed. *Id*. at 709, 263 Cal.Rptr. 119, 780 P.2d 349. These procedural requirements are both elements of the tort cause of action against a public entity and part of a statutory framework that provides a limited waiver of sovereign immunity. *See United States v. California*, 655 F.2d 914, 918 (9th Cir. 1980). Accordingly, compliance with the procedural requirements of the CTCA is a necessary prerequisite to suing a public agency. Cal. Gov't Code §§ 815, 945.4; *Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D. Cal. 1998).

Here, the SAC includes no allegations that Mendoza filed a governmental claim with the appropriate public entity within six months of the claim's accrual. *See generally* Doc. No. 53. Because this step represents an element of a tort cause of action against a California public agency, the Court finds that the SAC fails to state a cognizable negligence claim against the City. Consequently, the City's motion to dismiss the First cause of action against it is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**.

//

//

### b. Second Cause of Action (Bane Act)

With respect to Plaintiff's Second cause of action, the Court finds that Nuttall's motion to dismiss is **DENIED AS MOOT** as judgment has been granted in his favor on this claim in the Court's Prior Order. *See* Doc. No. 116 at 23-27. The Court also finds that even after disregarding the averments of fraud, and construing all reasonable inferences in the light most favorable to Plaintiff, it remains appropriate to **DENY** the City and Peck's motion to dismiss. *See* Section II(A)(ii), *supra*.

### c. Third, Fourth, and Fifth Causes of Action (42 U.S.C. §§ 1983, 1985(2)-(3), 1986)

With respect to Plaintiff's Third, Fourth, and Fifth causes of action, Mendoza alleges that the Joined Defendants (and Malandris) violated his civil rights in eleven ways. *See* Doc. No. 53 at 12-15 (by "(1) making false and misleading statements to other law enforcement officers engaged in the investigation of the accident; (2) conspiring to prepare and file falsified accident investigation reports in an attempt to blame plaintiff for the accident; (3) unlawfully interrogating the plaintiff; (4) extracting plaintiff's blood without his consent; (5) unlawful search of plaintiff's person and belongings; (6) falsely reporting the speed limit in the accident report; (7) moving plaintiff after the accident; (8) moving Malandris' car after the accident; (9) failing to identify and secure witnesses to the accident; (10) failing to properly photograph the accident scene; and (11) failing to gather available video surveillance footage of the accident scene."). In the Court's Prior Order, [Doc. No. 116], the motions to dismiss these causes of action, as to all Defendants (except Nationaly City and Peck), were granted. The Court granted National City and Peck's motion to dismiss as to all civil rights allegations except for unlawfully interrogating the Plaintiff and unlawfully extracting Plaintiff's blood. The Prior Order reflects the law of the case on these issues.

### d. Motions to Strike

All Defendants move in the alternative to strike allegations sounding in fraud. To the extent Plaintiff's remaining causes of action "allege some fraudulent and some non-

fraudulent conduct, the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1103-04. The allegations grounded in fraud fail to identify the "who, what, where, when, and how" particulars required by Rule 9(b). Accordingly, Defendants' motion to strike these allegations is **GRANTED**.

### D. Non-opposition to USA's Motion to Dismiss, as a matter of law, Mendoza's Request for Punitive Damages, Attorneys' Fees, & a Jury trial.

As a matter of law, seeking punitive damages, attorneys' fees, and a trial by jury, as to Defendant USA, is improper. Mendoza's SAC requests punitive damages, attorneys' fees, and a jury trial. *See* Doc. No. 53 at ¶¶ 24, 29, 34, 39, 45, 52. However, the request for punitive damages is asserted "against the individually named Defendants[.]" *See id.* at ¶¶ 24, 29, 34, 39, 45. Accordingly, Defendants' motion to strike these portions of the SAC, as to the government entities, is **DENIED** because the language in the SAC does not seek punitive damages from the government entities.

In contrast, Mendoza's requests for "costs of suit" and "demand for a trial by jury" are more generally pled. *See* Doc. No. 53 at 18. Mendoza concedes that, as to the USA, he does not seek punitive damages, attorneys' fees or a trial by jury. *See* Doc. No. 77 at 8. Accordingly, the Court finds that this portion of the SAC is suitable to strike under Fed. R. Civ. P. 12(f) because it has no possible bearing on the subject matter of the litigation. The USA's motion to strike, with respect to this issue, is **GRANTED**.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant USA and the Joined Defendants's motion to dismiss for lack of subject matter jurisdiction, for failure to state cognizable claims upon which relief may be granted, or, in the alternative, to strike portions of the SAC, [Doc. No. 61], is **GRANTED IN PART AND DENIED IN PART**, as follows:

15cv1528-JAH (BGS)

1.   Defendant USA's Motion to Dismiss Plaintiff's Second cause of action (violation of California's Bane Act) for lack of jurisdiction is **GRANTED**. This claim against the USA is **DISMISSED WITH PREJUDICE**. *See* Section II(A)(i), *supra*.

2.   Pursuant to the Court's Prior Order, Defendant Nuttall's Motion to Dismiss Plaintiff's Second cause of action (violation of California's Bane Act) against him is **DENIED AS MOOT**. *See* Section II(A)(ii), *supra*.

3.   Defendant National City and Peck's Motion to Dismiss the Second cause of action (violation of California's Bane Act) for failure to state a claim is **DENIED**. *Id*.

4.   Pursuant to the Court's Prior Order, Defendant USA and the Joined Defendants' Motion to Dismiss Plaintiff's Sixth cause of action (IIED) is **DENIED AS MOOT**. *See* Section II(B), *supra*.

5.   Defendant USA's Motion to Dismiss each of Plaintiff's claims which incorporate allegations of fraud is **DENIED**. *See* Section II(C)(i), *supra*.

6.   The Joined Defendants' Motion to Dismiss each of Plaintiff's claims which incorporate allegations of fraud is **GRANTED IN PART AND DENIED IN PART** as follows:

   a.   Defendant Nuttall and Peck's Motion to Dismiss Plaintiff's Negligence claims incorporating fraud allegations is **DENIED AS MOOT**. *See* Section II(C)(ii)(a), *supra*.

   b.   Defendant National City's Motion to Dismiss Plaintiff's Negligence claim for failure to state a claim is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**. *Id*.

   c.   Defendant Nuttall's Motion to Dismiss Plaintiff's Bane Act claim against him is **DENIED AS MOOT**. *See* Section II(C)(ii)(b), *supra*.

//
//

22

d.  Defendants' Motion to Dismiss Counts Three, Four, and Five is:

    1.    **DENIED AS MOOT**, as to Nuttall and Malandris. *See* Section II(C)(ii)(c), *supra*.

    2.    **DENIED** as to National City and Peck. *Id*.

7.  The Defendants' alternative Motion to Strike from the SAC all allegations sounding in fraud for failure to comply with the pleading requirements of Rule 9(b) is **GRANTED**. *See* Section II(C)(ii)(d), *supra*.

8.  Defendants' Motion to Strike from the SAC Plaintiff's Request for Punitive Damages, Attorneys' Fees, & a Jury trial is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.  Defendant USA's Motion to Strike Portions of the SAC requesting "cost of suit" and "demand for a trial by jury" from the USA is **GRANTED**. *See* Section II(D), *supra*.

    b.  Defendant USA's Motion to Strike portions of the SAC seeking punitive damages from the individually named Defendants is **DENIED**. *Id*.

**IT IS SO ORDERED**.

DATED: September 27, 2017

_____
JOHN A. HOUSTON
United States District Judge

23