UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ALEJANDRO MENDOZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; CITY OF NATIONAL CITY; THOMAS MALANDRIS; BENJAMIN PECK; and MICHAEL NUTTALL,<br><br>Defendants. | Case No.: 15cv1528-JAH (BGS)<br><br>**ORDER DENYING AS MOOT (1) DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT, [DOC. NO. 66]; AND (2) DEFENDANT MALANDRIS' MOTION FOR SUMMARY ADJUDICATION [DOC. NO. 101]** |

**INTRODUCTION**

Presently before the Court are two motions filed by the Defendants in this case. *See* Doc. Nos. 66, 101. Defendants National City, Nuttall, and Peck (the "National City Defendants") jointly move for an order dismissing Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim, or, in the alternative, to strike portions of the SAC. *See* Doc. No. 66. Defendant Malandris moves for an order granting summary adjudication. *See* Doc. No. 101. Both motions have been fully briefed by the parties. *See* Doc. Nos. 75, 80, 104, 105. Upon review of each motion, it appears that the Court's prior orders on Defendants' various motions to dismiss, to strike, and for summary adjudication, [*see* Doc.

1

Nos. 116, 122], address all issues raised in the instant motions. Accordingly, after careful consideration of the record, and for the reasons set forth below, both motions before the Court are **DENIED AS MOOT**.

## FACTS AND PROCEDURAL HISTORY

The Court **ADOPTS** the recitation of the facts and procedural history referenced in its order filed on March 31, 2017. *See* Doc. No. 116 at 2-6.

## DISCUSSION

"When a court decides upon a rule of law[,] that decision should continue to govern the same issues in subsequent stages of the same case." *Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Accordingly, the Court finds that because identical issue are raised here, as were addressed in this Court's prior orders, the Court must **ADOPT** its prior reasoning with respect to each duplicative issue.

**A.   ECF No. 66. Defendant National City, Nuttall, and Peck's Motion to Dismiss, or, to Strike, the SAC**.

In their motion, the National City Defendants argue that:

1. Plaintiff's Negligence claim against National City should be dismissed because Malandris was USA's sole employer. Here, the Court **ADOPTS** the reasoning articulated in its March 31, 2017 order, and **DENIES AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. No. 116 at 10 (granting summary judgment on the issue of the USA's status as the sole employer of Malandris when Mendoza was struck, and throughout the Mendoza investigation).

2. Nuttall and Peck cannot be liable for negligently and recklessly failing to properly investigate and document the subject collision. Here, the Court **ADOPTS** the reasoning articulated in its March 31, 2017 order, and **DENIES**

**AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. No. 116 at 20-21 (finding that (1) governmental immunity (Cal. Gov't Code Section 821.6) shields Nuttall and Peck from claims that either or both Defendants behaved negligently or recklessly, with respect to their roles in the investigation); and (2) the right to a correct traffic collision report is not a civil right protected by the United States or California Constitution).

3. Plaintiff's causes of action containing allegations of fraud must be dismissed for failure to plead with particularity. Here, the Court **ADOPTS** the reasoning articulated in its September 27, 2017 order, and **DENIES AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. No. 122 at 20-21 (striking the subject averments of fraud from the SAC for failure to meet the heightened pleading standard of Rule 9(b)).

4. Plaintiff has failed to allege facts sufficient to show discrimination, which is required to state cognizable claims in Counts Three and Four. Here, the Court **ADOPTS** the reasoning articulated in its March 31, 2017 order, and **DENIES AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. No. 116 at 23-25 (finding that of Plaintiffs causes of action requiring a civil rights violation to be cognizable, Plaintiff met his summary judgment burden only as to civil rights protected under the Fourth and Fifth Amendments (i.e. the blood draw and hospital interrogation).

5. Plaintiff's Bane Act claim must be dismissed against all Defendants for failure to state a claim. Here, the Court **ADOPTS** the reasoning articulated in its March 31, 2017 and September 27, 2017 orders, and **DENIES AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. Nos. 116 at 23-27 (dismissing with prejudice Plaintiff's Bane Act claim against

Nuttall after finding that Plaintiff presented genuine issues as to whether his civil rights were violated when Peck asked questions about Plaintiff's drug use, and obtaining consent from Plaintiff to furnish a blood sample), and 122 at 11-12 (dismissing with prejudice Plaintiff's Bane Act claim against Defendant USA after finding that Plaintiff's SAC states cognizable Bane Act claims against Defendant's National City and Peck only).

6. Plaintiff's IIED claim must be dismissed against all Defendants for failure to state a claim. Here, the Court **ADOPTS** the reasoning articulated in its March 31 order, and **DENIES AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. No. 116 at 17-18 (finding, on motion for summary judgment, no genuine issue of material fact with respect to Plaintiff suffering emotional distress resulting from either Malandris moving Mendoza to the curb after he was struck, or from the alleged conspiracy and cover-up involving Malandris, Nuttall, and Peck).

7. Plaintiff's Third, Fourth, and Fifth causes of action should be dismissed because there is no constitutional right to a correct or accurate traffic collision report, or to a proper investigation. Here, the Court **ADOPTS** the reasoning articulated in its March 31 order, and **DENIES AS MOOT** the National City Defendants' motion to dismiss on this basis. *See* Doc. No. 116 at 22-25 (finding that Plaintiff established a genuine issue, as to civil rights violations, only w/ respect to the hospital interrogation and blood draw conducted by Peck. The Court also granted summary judgment on the issue of the existence of a constitutionally protected right to correct traffic collision report).

//
//

**B.     ECF No. 101. Defendant Malandris' Motion for Summary Adjudication**.

In his motion, Defendant Malandris argues that:

1. Qualified immunity bars all claims that Plaintiff brings against Malandris. A review of the SAC reveals that Plaintiff brings Counts Three (violations of 42 U.S.C. § 1983), Four (violations of 42 U.S.C. §§ 1985(2)-(3)), Five (violations of § 42 U.S.C. § 1986), and Seven (violations of federal civil rights, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) against Malandris. *See generally* Doc. No. 53. Thus, all causes of action directed at Malandris require Malandris' involvement in a predicate constitutional violation. Accordingly, the Court **ADOPTS** the reasoning articulated in its March 31, 2017 order, and **DENIES AS MOOT** Defendant Malandris' motion for summary adjudication on the issue of whether he is immune from suit on the subject Counts. *See* Doc. No. 116 at 23-28 (granting summary judgment as to: (1) the USA's status as the sole employer of Malandris when Mendoza was struck, and throughout the Mendoza investigation; and (2) narrowing the constitutional violations at issue in this case to certain allegations against National City and Peck—namely, Peck's unlawfully questioning Plaintiff about his drug use, and later unlawfully obtaining consent from Plaintiff to furnish a blood sample). With respect to the parties and alleged constitutional violations, the Court ruled that genuine issues of material fact exist only as to whether Peck (and, through vicarious liability, National City) violated Plaintiff's Fourth and Fifth Amendment rights. Thus, the Court **CLARIFIES** here that there are no genuine issues of material fact with respect to constitutional claims alleged against any Defendant except Peck or National City.

2. Plaintiff's Section 1983, 1985, and 1986 claims against Malandris fail. Here, the Court **ADOPTS** the reasoning articulated in its March 31, 2017 order, and **DENIES AS MOOT** the Defendant Malandris' motion for summary adjudication on this issue. *See* Doc. No. 116 at 23-28 (finding that, among the eleven civil rights violations specifically alleged, Mendoza presented a genuine issue of material fact, but only with respect to Defendant Peck's questions about Mendoza's marijuana use and Peck's consent obtained for a blood draw). Pursuant to the Court's March 31, 2017 order, Malandris is entitled to summary adjudication on this issue.

## **CONCLUSION AND ORDER**

For the foregoing reasons, the Court finds that its orders issued on March 31, 2017 and September 27, 2017 reflect the law of the case on the issues currently before the Court. Accordingly, **IT IS HEREBY ORDERED** that ECF Nos. 66 and 101 are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: September 28, 2017

JOHN A. HOUSTON
United States District Judge