UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALI ALEJANDRO MENDOZA, | Case No.: 15CV1528 JAH (BGS) |
|---|---|
| Plaintiff, | **ORDER SETTING MANDATORY SETTLEMENT CONFERENCE** |
| v. | |
| UNITED STATES OF AMERICA; CITY OF NATIONAL CITY, BENJAMIN PECK, | |
| Defendants. | |

The previously vacated Mandatory Settlement Conference is rescheduled for **January 17, 2018** at **1:30 p.m.** in the chambers of Magistrate Judge Bernard G. Skomal.[1] All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[2] The

---

[1] The Court's July 11, 2017 Order vacating the MSC required counsel for the parties to jointly contact chambers within three days of a ruling on the Partial Motion for Summary Judgment. (ECF No. 36.) A decision on the Partial Motion for Summary Judgment was issued on August 4, 2017. (ECF No. 41.) To date, counsel has not contacted chambers to reschedule the MSC.

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person

purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

Counsel or any party representing himself or herself must submit confidential settlement briefs to the magistrate judge's chambers at **efile_skomal@casd.uscourts.gov** by **January 3, 2018**. Briefs do not need to be filed or served on opposing counsel. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. The briefs should not repeat facts or law contained in the Complaint or Answer. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.

Requests to continue MSCs are rarely granted absent extraordinary circumstances. Counsel seeking to reschedule the MSC must confer with opposing counsel prior to making the request. Such requests may be made by filing a joint motion. If another party objects to the continuance, counsel for both parties must call chambers and discuss the matter with the research attorney assigned to the case before any motion may be filed. Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. **Given the limited availability**

---

needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

**provided the Court by all parties and counsel in scheduling this MSC, the Court is very unlikely to reschedule it to a later date.**

   **IT IS SO ORDERED.**

Dated:  October 20, 2017

                 _____
                  Hon. Bernard G. Skomal
                  United States Magistrate Judge