UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ALEJANDRO MENDOZA, an individual,<br><br>            Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; CITY OF NATIONAL CITY; THOMAS MALANDRIS; BENJAMIN PECK; and MICHAEL NUTTALL,<br><br>            Defendants. | Case No.: 15cv1528-JAH (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS NATIONAL CITY AND BENJAMIN PECK'S MOTION TO AMEND SCHEDULING ORDER** |

## **INTRODUCTION**

On March 31, 2017, this Court granted in part and denied in part Defendants City of National City and Benjamin Peck's ("Defendants") Motion for Summary Judgment and Partial Summary Judgment as to Plaintiff Ali Mendoza's ("Plaintiff") Second Amended Complaint. *Doc No. 116*. On January 5, 2018, Defendants filed a motion to amend or correct the scheduling order to allow the filing of a second summary judgment motion. *Doc. No. 141*. The motion has been fully briefed. *Doc. Nos. 150, 151*. After review of the parties' submissions, the Court deemed Defendants' motion to amend the scheduling order suitable for adjudication without oral argument. See CivLR 7.1 (d.1). After a careful review of the pleadings and for the reasons set forth below, Defendants'

motion to amend the scheduling order is **GRANTED IN PART** and **DENIED IN PART**.

## DISCUSSION

Defendants' move to amend the scheduling order to file a successive motion for summary judgment on three grounds: (1) to reassert a qualified immunity defense as to Defendant Peck, (2) to challenge the City's liability under section 1983 in the absence of a *Monell* claim in the Third Amended Complaint, and (3) to challenge the viability of the Bane Act claims. Defendants' motion focuses primarily on the issue of qualified immunity, highlighting the importance of deciding qualified immunity "at the earliest possible stage in litigation" in order to preserve the essence of its purpose as "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017).

Plaintiff argues that Defendants have not shown good cause to amend the scheduling order. He contends not only have Defendants already raised the issue of qualified immunity, but any failure on Defendants' part to raise it effectively is solely a result of their lack of diligence. Plaintiff further asserts that Defendants' motion to amend the scheduling order amounts to a belated motion for reconsideration of this Court's ruling on prior Motion for Summary Judgment and that Plaintiff would suffer prejudice as a result.

In response, Defendants' maintain that a successive motion would neither be frivolous nor repetitive. Defendants assert that the issue of whether the alleged conduct unreasonably violated a "clearly established" legal standard under the Fourth[1] or Fifth Amendment was not addressed or decided by this Court; nor has the Court determined

---

[1] The Fourth Amendment protects against unreasonable searches and seizures. However, whether the law, at the time, clearly established that it is unreasonable for an officer to rely on the apparent consent of a person under the same or similar circumstances as Plaintiff in the instant case has yet to be brought before the Court. "Thus, the relevant question is whether a reasonable officer could have believed [Mendoza's blood draw] to be lawful, in light of clearly established law and the information the [investigating] officer possessed. *Knox v. Sw. Airlines*, 124 F.3d 1103, 1108 (9th Cir. 1997) (citing *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 706 (9th Cir.1989).

2

*15cv1528*

how entitlement to qualified immunity would impact Plaintiff's Bane Act claims. Defendant also questions whether Mendoza can even assert a 42 U.S.C. §1983 claim based on an alleged Fifth Amendment violation because he was never subject to any criminal proceeding.

1. **ANALYSIS**

A. Successive Summary Judgment Motion

"[D]istrict courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Allowing a second summary judgment motion is a matter concerning case management, over which district court judges have broad discretion. *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

Defendants' posture their request in the form of a Rule 16(b) motion to amend the scheduling order to allow for a successive summary judgment motion. However, in many respects, Defendants' motion is akin in to an untimely motion to alter or amend the judgment pursuant to *Fed. R. Civ. P. Rule* 59(e). While the Court recognizes it may tailor and adjust scheduling orders to the needs of the case as it progresses to permit successive motions for summary judgment it is not appropriate to reexamine issues already addressed or advance arguments that could have been raised prior to entry of the judgment. *Fed.R.Civ.P. Rule 59*; *J & J Sports Prods., Inc. v. Brummell, No. 15CV2601-MMA (MDD),* 2016 WL 4595140, at *1 (S.D. Cal. Sept. 2, 2016) (citing *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008) (Rule 59 may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment.)

The arguments Defendants wish to assert in a successive summary judgment motion could have previously been raised, as Defendants do not assert a change in law or the discovery of new evidence. Nonetheless, the Court recognizes that the core principles underlying the doctrine would be diluted, depriving a defendant of a speedy and just resolution, if a defendant were forced to trial despite assertion of a viable

qualified immunity defense. *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985); *See also Gordon v. Veneman,* 61 F. App'x 296, 298 (7th Cir. 2003)(acknowledging three grounds for allowing a renewed or successive summary judgment motion: 1) when the controlling law has changed; 2) when new evidence has been discovered; and 3) when allowing such a motion would be necessary to correct a clear error or *prevent a manifest injustice*.) (Emphasis added.).

B. Qualified Immunity

The United States Supreme Court has discussed the purpose behind the creation of doctrine of qualified immunity.

> Because qualified immunity is an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial. Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery. Accordingly, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation. (Citations and quotations omitted).

*Pearson*, 555 U.S. at 231.

The issue of whether the alleged conduct by Officer Peck, in light of the undisputed facts, violated a "clearly established" legal standard under the Fourth or Fifth Amendment was not briefed by the parties nor addressed by this Court. Neither has the Court determined how entitlement to qualified immunity would impact Plaintiff's Bane Act claims. The Supreme Court "clarified that while it 'do[es] not require a case directly on point ... existing precedent must have placed the statutory or constitutional question beyond debate,' such that 'every' reasonable official—not just 'a' reasonable official—would have understood that he was violating a clearly established right. *Morales v. Fry,* 873 F.3d 817, 823 (9th Cir. 2017) (quoting *Ashcroft*, 563 U.S. at 741).

In light of *Pearson* and *Morales,* the Court finds it appropriate to permit Defendants to file a successive motion for summary judgment on the sole issue of qualified immunity.

4

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' motion to amend the Scheduling Order is **GRANTED** and the pretrial motion deadline of June 13, 2016 is **VACATED** <u>only</u> as to the qualified immunity issue concerning Plaintiff's Fourth and Fifth Amendment and Bane Act claims;

2. Defendants' motion is **DENIED** in all other respects;

3. Defendants may file a second motion for summary judgment concerning Plaintiff's Fourth or Fifth Amendment and Bane Act claims no later than **May 11, 2018**;

4. Plaintiff's response to Defendants' motion for summary judgment shall be filed no later than **May 29, 2018**;

5. Defendant's reply brief, if any, shall be filed and served no later than **June 5, 2018**;

6. The motion hearing shall be held on **July 6, 2018, at 10:30 a.m.**, unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

DATED: April 19, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

5

*15cv1528*