| | |
|---|---|
| ALI ALEJANDRO MENDOZA, an individual,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA; CITY OF NATIONAL CITY; THOMAS MALANDRIS; BENJAMIN PECK; and MICHAEL NUTTALL,<br><br>　　　　　　　　Defendants. | Case No.: 15cv1528-JAH (BGS)<br><br>**ORDER GRANTING DEFENDANTS' UNITED STATES OF AMERICA, CITY OF NATIONAL CITY, AND BENJAMIN PECK'S JOINT MOTION TO SEVER** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

## **INTRODUCTION**

Before the Court is Defendant United States of America's ("Defendant") motion to server the negligence claim or alternatively, for a separate bench trial, joined by City of National City ("National City") and Benjamin Peck ("Peck") (referred to collectively as "Co-defendants" or "City Defendants"). Doc. No. 133. The motion has been fully briefed. Doc. Nos. 142, 146. The Court deemed Defendants' motion to sever suitable for adjudication without oral argument. See CivLR 7.1 (d.1). After a careful review of the parties' submission and for the reasons set forth below, Defendants' joint motion to server the first cause of action for negligence is **GRANTED**.

## DISCUSSION

The United States moves to sever the negligence claim against it from the civil rights claims Plaintiff alleges against Co-Defendants pursuant to *Fed. R. Civ. P. 21* or alternatively for separate trials pursuant to *Fed. R. Civ. P.* 42(b). Defendant argues that the factual and legal issues to be resolved regarding the circumstances of the auto collision, the extent of Plaintiff's physical injuries, and any future medical needs, are entirely distinct from and irrelevant to those to be adjudicated in the civil rights action against the Co-defendants. The United States further contends that unlike the Co-defendants in this case, the United States faces no procedural impediment[1] to a bench trial going forward at the Court's earliest convenience and therefore severing the claim would avoid delay and potential erosion of witness memories, increase efficiencies, reduce the likelihood of confusion by the jury on the issues, reduce the number of witnesses, attorneys and evidence involved in the bench trial, and avoid the need to have jurors digest evidence on issues upon which they will not render a verdict.

The Co-defendant's join the United States in its motion to sever, adding that the National City Defendants would be significantly prejudiced if forced to incur additional and unnecessary expenses preparing for and defending a lengthy trial involving unrelated issues, evidence, and testimony. The National City Defendants enumerate the various experts and witnesses (19 retained experts and 8 witnesses) likely to be called by the United States and Plaintiff; none of whose testimony would be relevant to the issues that face them. In addition, they highlight that a verdict on liability for the auto collision and appropriate damages is irrelevant to the determination of whether

---

[1] The Court notes that the procedural posture of the case has evolved since the filing of the instant motion. At the time of filing, National City and Peck had a pending motion to strike portions of Plaintiff's Third Amended Complaint. The Court has since ruled on the motion to strike. On January 5, 2018, National City and Peck filed a motion to amend the scheduling to order, now pending before the Court, to allow the Court to entertain a second motion for summary judgment. On January 22, 2018, the Court granted the United States and Plaintiff's joint motion to reopen expert discovery for the limited purpose of providing all reports and medical evidence not previously provided. The experts were to prepare and exchange supplemental reports by March 8, 2018. A telephonic status conference is currently set for April 26, 2018 to determine whether a further settlement conference will be held. Nonetheless, the United States maintains that the cases remain in a different procedural posture.

Plaintiff's civil rights were violated and therefore jurors should not be required to digest evidence on matters that they will not be asked to decide.

In response, Plaintiff asserts that severing the trials would waste, not conserve, judicial resources as the same evidence presented at trial against the United States would be presented against the Co-defendants, requiring a duplication of effort among the parties and witnesses. Plaintiff reasons that the events that transpired at the hospital, which give rise to the civil rights claims against Co-defendants, were a direct result of the underlying conduct supporting the negligence claim against the United States. Plaintiff maintains that the cause of his hospitalization is evidence that must be put before the jury to assist the jury in determining whether his constitutional rights were violated, to avoid jury speculation of Plaintiff's wrongdoing or misconduct and to permit it to appropriately assess the magnitude of emotional distress suffered by Plaintiff. In addition, Plaintiff argues that his Bane Act claim would be unduly handicapped if denied the opportunity to produce supporting evidence that Plaintiff's blood draw was a deliberate and spiteful effort to protect Special Agent Malandris from the consequences of his own negligence.

Plaintiff also challenges the United States' assertions that prejudice will be suffered by all Defendants if the claims are not severed or, alternatively, the trials are not bifurcated. Plaintiff highlights that the likelihood of confusion by the jury is alleviated where (1) the negligence claim against the United States will be adjudicated by the Court and (2) the jury is instructed and provided with verdict forms clarifying the issues it is to consider. Plaintiff argues that the United States has not met its burden in proving that bifurcation will promote judicial economy and avoid inconvenience or prejudice, and reiterates that separating the claims or trials will result in the duplication of effort of all involved. Since the outcome of one will not have a determinative effect on the other, Plaintiff contends that bifurcation would be unnecessary.

Lastly, Plaintiff advises of his intent to request an advisory opinion from the jury as to the dual agency of Malandris and National City's negligence under the alleged

dual employer theory. Plaintiff proposes that in the event of a reversal on appeal, the jury would have already been presented with the necessary evidence and ruled on these issues, avoiding the need for a second trial or rendering moot the need for an appeal in the first instance.

Addressing Plaintiffs request for an advisory jury, the United States distinguishes *Hamm v. Nasatka Barriers Inc.*,166 F.R.D. 1, 3 (D.D.C. 1996). The United States argues: (1) there are no legal or damages claims in common between the United States and Co-defendants; (2) a jury will not be asked to resolve the issue of dual liability or Malandris' individual negligence as part of any currently pending claim; and (3) the doctrine of qualified immunity renders an advisory jury improper on the constitutional claims against Malandris under *Bivens*.

## **ANALYSIS**

Under Rule 42(b), the court, may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." *Fed. R. Civ. P. Rule 42(b).* Federal Rule of Civil Procedure 21, however, gives the court broad discretion to sever "any claim against a party" and order a separate proceeding. *Fed. R. Civ. P. Rule 21; In re: Incretin Mimetics Prod. Liab. Litig.,* No. 13MD2452 AJB (MDD), 2015 WL 12699872, at *3 (S.D. Cal. July 28, 2015) ( A court's discretion under Rule 21 is broad, and "[t]he court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense." (Citations omitted)). "When a claim is severed, it becomes an entirely new and independent case." *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) (citing 5th, 7th, and 8th circuit case law holding that when a single claim is severed, it proceeds as a discrete, independent action for the purpose of finality and appealability.)

While the Court notes that the claim against the United States for negligence bears some relation to the claims against the City Defendants, the inverse does not hold true. The mere fact that the civil rights claims against Co-defendants may be a direct or indirect result of the underlying conduct supporting the negligence claims against the

United States, does establish a common question of law or fact. *See Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997) (claims that are discrete, and involve different legal issues, standards, and procedures require individualized attention, and therefore do not involve common questions of law or fact.) The factual distinction between the claims is evidenced by the exhaustive list of expert and witness testimony that is relevant to one claim and wholly irrelevant to others. Plaintiff's position that the same evidence presented to support claims against the United States would be presented against the City requiring a duplication of efforts amongst witnesses is unpersuasive in light of Plaintiff's failure to specify the witnesses that would potentially overlap.

The Court also considers (1) the procedural posture of the case as to each Defendant, (2) undue delay, (3) the expense, resources and effort required by the parties and jurors, (4) juror confusion caused by receiving evidence it will not be required to decide, (5) potential prejudice to Defendants if the motion is denied, and (5) the potential prejudice to Plaintiff if the motion is granted.

The Court finds that Plaintiff's claims against the United States are sufficiently distinct from those alleged against the remaining defendants to warrant a severance pursuant to Rule 21[2]. Even though the court is unpersuaded by the United States' assertion of prejudice as a result of undue delay, the Court, finds that likelihood of juror distraction will be significant and of such a nature that curative or limiting instructions may be insufficient under these circumstances. The quantum of evidence relating to the liability and damages resulting from the alleged actions committed by the United States' negligence is wholly unrelated to the alleged liability and damages resulting from the alleged actions committed by the Co-defendants. In addition, the Court finds that the percipient witnesses involved as to proving liability for each Defendant's alleged misconduct are few. The Court also finds that Plaintiff's concerns regarding the any jury speculation as to the cause of Plaintiff's hospitalization may be resolved in motions

---

[2] For the reasons stated herein, the Court need not decide whether Rule 42(b) is appropriate.

in limine and that judicial efficiencies are obtained in separate trials in this case. Lastly, Plaintiff's suggestion that an advisory jury determination will be necessary or would otherwise facilitate future proceedings in the event of reversal has little merit.

For the above reasons, the Court finds severance appropriate here. And, consistent with the Court's practice of allowing the party with the burden to elect which severed case is to be tried first, the Court finds no prejudice will result in allowing the Plaintiff to elect which trial will be first to proceed.

## CONCLUSION

For the reasons set forth, the Defendants' joint motion to sever is hereby **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's claim against defendant United States shall proceed under the above–styled case number. Plaintiff's claims against National City and Peck shall be severed into a new case number.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall assign a new case number for Plaintiff's claims against Defendants National City and Peck. The Clerk shall waive payment of a filing fee.

**IT IS SO ORDERED.**

DATED: April 18, 2018

Hon. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE